**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

GEORGE LORENZO DEBOLES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: 2:16-cv-80

(Case No. 2:13-cr-11)

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

George Lorenzo Deboles, ("Deboles"), who is currently incarcerated at the Federal Correctional Complex in Coleman, Florida, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) For the reasons which follow, I **RECOMMEND** this Court **DENY** Deboles' Motion and **DIRECT** the Clerk of Court to **CLOSE** this case. I also **RECOMMEND** that the Court **DENY** Deboles a Certificate of Appealability and **DENY** Deboles *in forma pauperis* status on appeal.

## BACKGROUND

Deboles pled guilty in this Court to Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), on June 18, 2013. Plea, United States v. Deboles, 2:13-cr-11 (S.D. Ga. June 18, 2013), ECF No. 39. The Honorable Lisa Godbey Wood sentenced Deboles to 240 months' imprisonment. J., United States v. Deboles, 2:13-cr-11 (S.D. Ga. Dec. 10, 2013), ECF No. 49. Deboles did not file an appeal. On June 2, 2016, Deboles filed this Section 2255 Motion, in which he asserts that he should be resentenced in light of the United States Supreme Court's

decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015). (Doc. 1.) Respondent filed a Supplemental Response, (doc. 6), to Deboles' Motion after the Court granted Deboles' Motion to Stay his 28 U.S.C. § 2255 Motion pending the Supreme Court's decision in Beckles v. United States, ___ U.S. ___, 137 S. Ct. 886 (Mar. 6, 2017).

## DISCUSSION

Deboles contends his sentence was improperly enhanced pursuant to the residual clause of the United States Sentencing Guidelines ("the Guidelines") and that his Hobbs Act robbery conviction no longer qualifies as a predicate "crime of violence" to support his conviction under 18 U.S.C. § 924(c). For both arguments, Deboles relies upon the Supreme Court's decision in Johnson, which found the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), (the "ACCA") unconstitutionally vague.

The Government asserts the Supreme Court's decision in Beckles forecloses Deboles' argument that his sentence was unconstitutionally enhanced pursuant to the Sentencing Guidelines' career offender provision. Next, the Government asserts the Johnson decision has no effect on Deboles' enhanced sentence under the ACCA because his predicate Hobbs Act robbery conviction does not fall under the ACCA's residual clause.

## I. Whether Johnson Applies to Deboles' Sentence Enhancement Pursuant to the Sentencing Guidelines

Deboles moves under 28 U.S.C. § 2255 for resentencing pursuant to Johnson. In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process[.]" ___ U.S. at ___, 135 S. Ct. 2551, 2563. The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a *violent felony* or a serious drug offense, or both." 18 U.S.C.

2

§ 924(e)(1) (emphasis added). The residual clause of the ACCA defines "violent felony" as, *inter alia*, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. at § 924(e)(2)(B) (emphasis added). In Johnson, the Supreme Court found the "residual clause" so vague as to violate due process. See 135 S. Ct. at 2557. The crux of Deboles' first assertion is that he no longer qualifies for an enhanced sentence under the residual clause of the Sentencing Guidelines in light of the Johnson decision.

The "crime of violence" definition contained within the Sentencing Guidelines' career offender enhancement provision is identical to the residual clause language found unconstitutional in Johnson. U.S.S.G. § 4B1.2(a)(2). Despite this similarity, the Supreme Court held in Beckles that the holding of the Johnson decision does not apply to the residual clause of the Sentencing Guidelines. In Beckles, the petitioner was arrested for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). "Due to multiple prior felonies, Beckles['] violation of 18 U.S.C. § 922(g) subjected him to the enhanced penalty provision of 18 U.S.C. § 924(e)(1)[,] and the district court found him to be an armed career criminal pursuant to that statute." United States v. Beckles, 565 F.3d 832, 841 (11th Cir. 2009). "This finding, in turn, qualified Beckles for a sentence enhancement under [Section 4B1.4 of the Sentencing Guidelines]." Id. Section 4B1.4 of the Sentencing Guidelines "instructs that the appropriate offense level is . . . [*inter alia*] the offense level described in § 4B1.1, if applicable." Id. at 841–42. "Section 4B1.1, in turn, applies if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Id. at p. 842 (citing U.S.S.G. § 4B1.1(a) (emphasis supplied)). The term "crime of violence" includes "any offense under . . . state law, punishable by imprisonment for a term exceeding one year, that . . . involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). "At [Beckles'] sentencing, the district court found that § 4B1.1 was applicable . . . reasoning that two of Beckles['] prior felony convictions were for qualified controlled substances offenses, and the current 18 U.S.C. § 922(g) conviction [for being a felon in possession of a firearm] was for a 'crime of violence'" Id.

In Beckles' subsequent Section 2255 Motion, he "claimed that he was improperly sentenced as a career offender under U.S.S.G. § 4B1.1, [arguing that] his conviction for possession of a sawed-off shotgun was not a 'crime of violence.'" Beckles v. United States, 579 F. App'x 833, 833 (11th Cir. 2014), *vacated*, Beckles v. United States, ___ U.S. ____, 137 S. Ct. 886 (Mar. 6, 2017). The Eleventh Circuit Court of Appeals denied Beckles' Section 2255 Motion, finding Johnson inapplicable to the Sentencing Guidelines. Beckles subsequently filed a petition for certiorari in the United States Supreme Court, again contending that the Sentencing Guidelines' residual clause is void for vagueness under Johnson. The Supreme Court granted certiorari and affirmed the decision of the Eleventh Circuit, holding that "the advisory Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to a challenge under the void-for-vagueness doctrine." Beckles, ___ U.S. at ___, 137 S. Ct. at 896. The Court reasoned that, unlike the ACCA, "[t]he advisory Guidelines [ ] do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement."[1] Beckles, ___ U.S. at ___, 137 S. Ct. at 894. The Court further distinguished the

---

[1] Specifically, the Supreme Court found that "even perfectly clear Guidelines could not provide notice to a person who seeks to regulate his conduct so as to avoid particular penalties within the statutory range." Beckles, ___ U.S. at ___, 137 S. Ct. at 886, 894. As to arbitrary enforcement, the Guidelines "do not regulate the public by prohibiting any conduct or by 'establishing minimum and maximum penalties for

4

Guidelines from the ACCA because the ACCA *requires* sentencing courts to increase a defendant's prison term from a statutory maximum of 10 years to a minimum of 15 years, whereas the Guidelines are advisory. Id. at 892. Therefore, although the Sentencing Guidelines' residual clause and the ACCA's residual clause are identical, the Sentencing Guidelines are not subject to a void-for-vagueness challenge under Johnson because the Guidelines "merely guide the district courts' discretion[.]" Id. at 894.

The United States Supreme Court's decision in Beckles forecloses Deboles' argument that he was improperly sentenced as a career offender under the Sentencing Guidelines. As a result, the Court should **DENY** that portion of his Section 2255 Motion.

## II. Whether Johnson Applies to Deboles' Hobbs Act Conviction

Alternatively, Deboles cites Johnson to argue that his conviction for Hobbs Act robbery does not qualify as a crime of violence under the residual clause of the ACCA. Deboles was convicted of violating 18 U.S.C. § 924(c)(1)(A)(ii) by using, carrying, and brandishing a firearm during a crime of violence. J., United States v. Deboles, 2:13-cr-11 (S.D. Ga. Dec. 10, 2013), ECF No. 49. Distinct from Section 924(e)(1) of the ACCA, Section 924(c)(1)(A) provides for a separate consecutive sentence if any person uses or carries a firearm during and in relation to a crime of violence or drug trafficking crime, or possesses a firearm in furtherance of such crimes. For the purposes of Section 924(c), Sections 924(c)(3)(A) and (B) define "crime of violence" as an offense that is a felony and:

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

---

[any] crime.'" Id. at 895 (citing Mistretta v. United States, 488 U.S. 361, 396, (1989)). "Rather, the Guidelines advise sentencing courts how to exercise their discretion within the bounds established by Congress." Id.

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The former clause is commonly referred to as the "use-of-force" clause and the latter clause is known as the Section 924(c)(3)(B) residual clause. The Eleventh Circuit has determined that a Hobbs Act robbery conviction under 18 U.S.C. § 1951(a) qualifies as a crime of violence under the use-of-force clause in Section 924(c)(3)(A). In re Fleur, 824 F.3d 1337, 1341 (11th Cir. 2016).

Here, in addition to pleading guilty to using, carrying, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), Petitioner pled guilty to and was convicted of Hobbs Act robbery. J., United States v. Deboles, 2:13-cr-11 (S.D. Ga. Dec. 10, 2013), ECF No. 49. In the indictment, Deboles was charged with (and he subsequently pleaded guilty to) one count of "unlawfully tak[ing] and obtain[ing] property . . . by means of actual and threatened force, violence, and fear of injury" by "drawing and brandishing a firearm and taking possession of a sum of cash money . . . in violation of Title 18, United States Code, Sections 2 and 1951." Indictment, United States v. Deboles, 2:13-cr-11 (S.D. Ga. Mar. 6, 2013), ECF No. 1.

Consequently, regardless of the validity of Section 924(c)'s residual clause, Deboles' conviction for Hobbs Act robbery qualifies as a "crime of violence" under the use-of-force clause in § 924(c)(3)(A). See In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016) (holding aiding and abetting Hobbs Act robbery meets use-of-force clause of crime of violence under § 924(c)(3)(A)); Fleur, 824 F.3d at 1341 (holding actual commission of Hobbs Act robbery meets use-of-force clause of definition of crime of violence under § 924(c)(3)(A)); In re Hines, 824 F.3d 1334, 1337 (11th Cir. 2016) (holding similarly that Johnson did not invalidate a Section

924(c) conviction predicated on armed bank robbery, because "armed bank robbery clearly meets the requirement for an underlying felony offense [because it has] as an element 'the use, attempted use, or threatened use of physical force against the person or property of another'").

Therefore, Deboles' argument that his Hobbs Act robbery conviction was not a predicate conviction under the ACCA's residual clause is also unavailing. For these reasons, I **RECOMMEND** the Court **DENY** Deboles' Section 2255 Motion.

### III. Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Deboles leave to appeal *in forma pauperis* and a Certificate of Appealability ("COA"). Though Deboles has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (Emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or

fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Deboles' pleading and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Deboles a Certificate of Appealability, Deboles is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to

raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Deboles *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DENY** Deboles' Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, and **DIRECT** the Clerk of Court to **CLOSE** this case. I also **RECOMMEND** that the Court **DENY** Deboles a Certificate of Appealability and **DENY** Deboles *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Deboles.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 25th day of April, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA